**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLA TAWIL,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 06-70652<br><br>Agency No. A078-751-221<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:  ALARCÓN, LEAVY, and GRABER, Circuit Judges.

 Alla Tawil, a native and citizen of Syria, petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum. We have jurisdiction

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JT/Research

under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the BIA's determination that the harm Tawil suffered did not constitute persecution. *See Padash v. INS*, 358 F.3d 1161, 1165-66 (9th Cir. 2004); *see also Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (minor abuse of Indo-Fijian during 4-6 hour detention did not compel finding of past persecution). Substantial evidence also supports the BIA's determination that Tawil failed to establish past persecution or a well-founded fear of future persecution because he did not demonstrate the Syrian government was unable or unwilling to control the individuals who harmed him. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Accordingly, his asylum claim fails.

**PETITION FOR REVIEW DENIED.**